# EXHIBIT E



File Ref. IV CSK 214/17

# JUDGMENT
## IN THE NAME OF THE REPUBLIC OF POLAND

On February 6, 2018

Supreme Court composed of:

Supreme Court Judge:  Katarzyna Tyczka - Rote (chairman, rapporteur)

Supreme Court Judge:  Monika Koba

Supreme Court Judge:  Roman Trzaskowski

Official Clerk:  Katarzyna Joskowiak

in a case brought by Solo Investment LLC Sp. z O.O.

with its registered office in Rozplucie Pierwsze

against the Ludwin Commune for payment,

after being examined at the trial in Civil Chamber

on 6 February 2018,

cassation complaint of the plaintiff

from the verdict of the Court of Appeal in Lublin

of 24 January 2017, File reference no. I ACa 537/16,

**dismisses the cassation appeal and orders the plaintiff to pay the defendant the sum of 12,500 (twelve thousand five hundred zlotys) as costs of cassation proceedings.**

**JUSTIFICATION**

Plaintiff - Solo Investment limited liability company in Rozplucie Pierwsze issued an action to order from the defendant Ludwin Commune an amount of PLN 13,899,266.46 with statutory interest from November 17, 2011 to the date of payment as reimbursement of expenditures as it and its legal predecessor - Antar LTD limited liability company in Lublin incurred for the defendant's real estate in the performance of an invalid lease contract for the JAGODA Holiday Resort, for which the plaintiff evaded the effects of the declaration of will on its conclusion. The plaintiff explained that the defendant had deceitfully misled the lessee as to the possibility that he would acquire the property.

By virtue of a judgment of 29 December 2015, the District Court in Lublin ordered the defendant Municipality to pay the amount of PLN 11,239,951.09 with statutory interest from December 3, 2011 to the payment date, in the remaining part dismissed the claim and ruled on the costs of the proceedings.

That Court established Antar Ltd. Sp. z o.o. in Lublin concluded on 15 February 2007 with the defendant, a property lease agreement consisting of two plots No. 90 and No. 94/2 with a total area of 9.19 ha, used as a holiday resort on the Lake Piaseczno. The aim of the defendant was to transform the center into a modern and high standard facility. The lessee was interested in purchasing the property. The contract was concluded for a period of 25 years, obliged the lessee to make investment outlays and settle them through deductions from rent. In § 2 of the contract, the defendant ensured that the property is its property and is free from encumbrances, property rights and liabilities of third parties and that there are no obstacles to use it for running a holiday resort, in § 12 also obliged to sell the lessee real estate on the terms set out in separate regulations. The transfer of rights and obligations by the lessee from the contract to another entity was subject to the consent of the defendant.

3

On September 23, 2009, Antar LTD transferred its contractual rights and obligations to the plaintiff. The defendant agreed. Both companies invested in real estate. The disruption occurred in 2011, when the plaintiff applied for the sale of the property to her and the defendant refused, explaining that she was not planning to sell. The plaintiff then requested the legal status of the property and obtained information that it is the property of the defendant, however, regarding part of plot no. 90, a refund is pending at the request of the previous owner, who was expropriated. Then the plaintiff proposed to terminate the contract for reimbursement of expenditures, and if the defendant did not comply, she filed a statement of 18 November 2011 on the evasion of the effects of the declaration of intent to conclude a lease agreement due to a material error caused by the defendant.

The District Court considered that at the time of the lease agreement, Antar LTD did not know about the pending refund of the expropriated part of the property and if it was aware that the proceedings were being conducted, it would not enter into a contract because it was interested in the purchase of real estate, and the revindication proceedings prevented this realization of this intention due to the provision of art. 34 par. 3 of the Act of 21 August 1997 on real estate management (one text: Journal of Laws of 2018, item 121, as amended). Thus, it remained in a serious error regarding the content of the legal action carried out by the defendant, although the insidious action cannot be attributed to the defendant. The Court assessed that the lack of identity between the entity concluding the lease contract and the entity submitting the declaration on evading legal effects of the declaration of its conclusion does not prevent its affective submission, because the transfer of receivables not only results in the succession of the claim itself, but also includes other elements on the creditor's situation, including the rights shaping from art. 88 § 1 k.c. The Court further considered that the plaintiff had kept the one year deadline to submit a formative declaration, since that period - in the opinion of the Court - should have been counted from the date of receipt of the defendant's letter dated 22 September 2011. The Court found that earlier, even to the original lessee - Antar LTD, the information was available to detect

a mistake and this proceeding from the authority conducting the proceedings - in particular, such inspection was carried out on June 13, 2008, during the administrative proceedings for the annulment of the decision maintaining the decision refusing to return the previous owner of the expropriated part of plot No. 90, which took place in the presence of authorized proxies of Antar LTD. However, the Court of first instance stated that the plaintiff's predecessor acted on the basis of the defendant's assurances, negating doubts as to the legal status of the property, and in this respect remained in error as to the legal circumstances regarding the subject of the contract. Only the presentation by the defendant of formal information about the pending proceedings justified the statement that the plaintiff detected an error in a way that would allow him to assess its significance. Effective evasion of the legal consequences of the submitted declaration of will took place with the observance of the ine year deadline of art. 88 § 1 k.c., its consequence was the invalidity of the contract, justifying the application of the provisions on unjust enrichment to settle the value of outlays for property, which the District Court established with the help of an expert opinion and considered gross due - with the added tax rate on goods and services.

As a result of the appeal of the defendant Ludwin Commune, the verdict of January 24 2017 changed the verdict of the District Court in that it dismissed the claim and ruled on the costs of the proceedings.

The Court of Appeals challenged the correctness of all legal applications of the District Court. It concluded that the contract concluded by Antar LTD with the defendant did not guarantee the lessee of the acquisition of the property, but only the possibility of buying it in a non-tender mode, when the Commune would decide to sell it. However, the contract did not oblige the defendant to sell plots of land. Erroneous belief about the obligation to sell real estate, which the plaintiff invokes, did not have a foundation in the contract and does not justify the position on introducing the lessor into an error of a significant nature regarding the content of the legal transaction.

That Court also stated that the clause contained in § 1 and 2 of the contract, according to which the defendant was the owner of the real estate, and the property is not subject to any property rights, corresponded to the truth, because the previous lessee's claim did not fall into the categories of rights or obligations mentioned therein, this means it did not constitute encumbrance or property rights or obligations of third parties under § 2 of the contract.

The Court of second instance reconsidered the significance of the circumstances established by the District Court regarding the information obtained by Antar LTD from Leczna County that Jerzy Wojtasiewicz had filed a claim for the return of part of lot no. 90 since 1991. It stressed that in June 2008, in connection with the proceedings for the annulment of the decision of the President of the Office of Housing and Urban Development of 22 March 2000, confirming the decision of the Lublin Province Governor dated 14 December 1998 refusing to return the property to the previous owner, a real estate inspection was carried out with the company's professional proxies. This activity was part of the administrative proceedings in the property restitution case. In the opinion of the Court of Appeals, the assessment of this fact by the District Court was flawed. The plaintiff had already obtained some information about the proceedings for the return of the real estate, and not only from the letter of the Mayor dated September 22, 2011.

The Court of Appeals took the view that the declaration on the evasion of the effects of the declaration of will on conclusion of the contract as shaping should be made by the party concluding the contract, as it was not possible to transfer the claim to this claim. As a result, the plaintiff was not entitled to invoke a material error regarding the lease contract concluded by its legal predecessor. The court also pointed out that in the transfer agreement the assignor transferred to the assignee all the rights and obligations under the lease for PLN 262,288.96 net, which was the value of the recreational center lease and indicated that the transfer contract included only the rights and obligations related to the lease. In addition, the Court of Appeals noted that at the time of the assignment agreement (23 September 2009) Antar LTD no longer had the power to evade the effects of the contract, because the deadline for its

submission expired in June 2009. For these reasons, the plaintiff's claim is unjustified.

The plaintiff appealed against the judgment of the Court of Appeals in its entirety by a cassation appeal. In the complaint based on both cassation grounds, she alleged incorrect application of art. 84 § 1 and 2 k.c. and art. 86 § 1 k.c., consisting of: erroneous acceptance that Antar LTD did not conclude a lease agreement acting under the influence of a material error in the legal transaction, even though it did not know about conducting proceedings against art. 136 sec. 3 u.g.n .; improper application of art. 65 § 2 k.c. and misinterpretation of the lease contract, consisting in accepting that the third party's claim for the return of the expropriated property does not fall under the category of encumbrances and rights in property and the obligations of third parties within the meaning of § 2 of the contract; improper application of art. 88 § 2 k.c. by mistakenly accepting that the factual findings justify assigning the lessee knowledge of the error in subjective terms already in June 2008; improper application of art. 509 § 2 k.c. in conjunction with art. 84 § 1-2 k.c. in conjunction with art. 56 k.c. and art. 65 § 2 k.c. by mistakenly assuming that the contract of transfer of rights and obligations under the lease contract concluded between Antar LTD and the plaintiff did not transfer to the plaintiff the legal-formative right to evade the effects of a declaration of will concluded under the influence of an error. Violation of procedural law was connected with the improper application of art. 382 k.p.c., art. 378 § 1 k.p.c., art. 328 § 2 k.p.c. in conjunction from art. 391 § 1 k.p.c. relying on the Court of Appeals not to submit its own factual findings, but merely to report on the findings of the Regional Court, without indicating that it accepts them, in a situation where the defendant's appeal contained allegations of incorrect factual findings.

In its applications, the plaintiff sought to have the judgment under appeal set aside in its entirety and remand the case.

The Supreme Court weighed the following:

The plaintiff is wrong in accusing the defects in the recognition of the appellate pleas in the statement of reasons for the judgment. Although the justification did not include the formula on the Court of Appeals'

acceptance of the findings of the District Court as its own, but such a position of this Court results from the content of its considerations based on the findings of the District Court. These findings were only assessed differently by the Court of Appeals - discrepancies between the courts of both instances arose at the level of legal conclusions, not at the level of factual findings. The justification allows to verify the reasoning of the Appellate Court, so the procedural allegations made in the cassation complaint are not justified.

On the other hand, the alleged incorrect application of the error provisions (Article 84 § 1 of k.c.) and the rules for the interpretation of contracts should be considered justified. The plaintiff is correct that the intention of Paragraph 2 of the lease contract was to provide the lessee with the right that the property on which the lessee is to invest and which he is to lease for a very long period has no legal burden that would disrupt the contract's performance, including such, which by law make it impossible to make one of the contractual provisions regarding the possibility of purchasing a leased real estate in a non-tender mode. If a significant part of the property cannot be sold at all until the claims of the previous owner are finally settled, then the contractual reservation of the purchase procedure ceases to be dependent on the lessor's decision, because he cannot decide to sell that part of the land. In addition, this type of claim introduces uncertainty about the possibility of implementing a lease agreement. These circumstances essentially change the risk level of the lessee regarding the concluded contract and should be included in significant elements of the content of the contract. This is an error that may justify the evasion of the results of the declaration of will. Such an assessment does not, however, authorize a cassation appeal because, contrary to the applicant's claims, the result of the legal assessment of the circumstances indicating that the claimant obtained information about the pending reimbursement proceedings was based on the request for when the plaintiff obtained sufficiently precise knowledge about the subject and nature of this proceeding. Contrary to the applicant's position, the statement of error is not a legal act, but a specific state of consciousness based on the information obtained. In the case of a legal entity, the knowledge of the members of the management body is important, but it must be recognized that in the case of,

when the governing body authorizes and directs a person from outside the management to participate in a given activity, the knowledge obtained by it must be treated as obtained by that legal person. One cannot agree with the applicant's submissions that the findings of the Court of first instance, assessed by the Court of second instance, result in the lack of authorization of the defendant's power of attorneys in the inspection activities. On the contrary, these findings indicate that the authorization was issued for certain activities, that the management of Antar LTD granted proxies on the eve of the inspection, and that one of the proxies submitted authorization documents to the persons making the inspection. It is difficult to accept that the lessee can obtain more reliable evidence that there are claims against the leased property and what kind of claims they have. If the fact of the defendant's concealment of information about the proceedings is invoked by the applicant as the reason justifying withdrawal from the contract, then the day of the property inspection in conjunction with the information envelope that was associated with these activities must be considered a moment in which Antar LTD learned about its mistake. Rightly so from that day, the Court of Appeal counted the annual period provided for in art. 88 § 2 k.c. Because the period expired before Antar LTD concluded the contract of transfer of the rights and obligations of the lease agreement to the plaintiff, the right to evade the legal consequences of the declaration of will expired and carefully, whether it was no longer due to the plaintiff, since it did not exist at the time of conclusion of the agreement.

Consequently, the cassation appeal could not be upheld and was subject to dismissal pursuant to Art. 398 k.p.c.

The decision on the costs of cassation proceedings results from the provisions of art. 398 in conj. from art. 391 § 1 and art. 98 k.p.c.

# ORIGINAL

ODPIS



Sygn. akt IV CSK 214/17

# WYROK
## W IMIENIU RZECZYPOSPOLITEJ POLSKIEJ

Dnia 6 lutego 2018 r.

Sąd Najwyższy w składzie:

SSN Katarzyna Tyczka-Rote (przewodniczący, sprawozdawca)
SSN Monika Koba
SSN Roman Trzaskowski

Protokolant Katarzyna Jóskowiak

w sprawie z powództwa Solo Investment Spółki z ograniczoną odpowiedzialnością
z siedzibą w Rozpłuciu Pierwszym

przeciwko Gminie Ludwin

o zapłatę,

po rozpoznaniu na rozprawie w Izbie Cywilnej

w dniu 6 lutego 2018 r.,

skargi kasacyjnej strony powodowej

od wyroku Sądu Apelacyjnego w Lublinie

z dnia 24 stycznia 2017 r., sygn. akt I ACa 537/16,

**oddala skargę kasacyjną i zasądza od powoda na rzecz pozwanej kwotę 12 500 (dwanaście tysięcy pięćset) zł tytułem kosztów postępowania kasacyjnego.**

## UZASADNIENIE

Powódka - Solo Investment Spółka z ograniczoną odpowiedzialnością w Rozpłuciu Pierwszym wystąpiła z powództwem o zasądzenie od pozwanej Gminy Ludwin kwoty 13.889.256,46 zł z ustawowymi odsetkami od dnia 17 listopada 2011 r. do dnia zapłaty tytułem zwrotu wartości nakładów, jakie ona i jej poprzedniczka prawna - Antar LTD Spółka z ograniczoną odpowiedzialnością w Lublinie poniosły na nieruchomość pozwanej w wykonaniu nieważnej umowy dzierżawy Ośrodka Wypoczynkowego JAGODA, co do której powódka uchyliła się od skutków oświadczenia woli o jej zawarciu. Powódka wyjaśniła, że pozwana podstępnie wprowadziła dzierżawcę w błąd co do możliwości nabycia przez niego tej nieruchomości.

Wyrokiem z dnia 29 grudnia 2015 r. Sąd Okręgowy w Lublinie zasądził od pozwanej Gminy na rzecz powódki kwotę 11 239 951,09 zł z ustawowymi odsetkami od dnia 3 grudnia 2011 r. do dnia zapłaty, w pozostałej części oddalił powództwo i orzekł o kosztach postępowania.

Sąd ten ustalił, że Antar Ltd. Sp. z o.o. w Lublinie zawarła z pozwaną w dniu 15 lutego 2007 r. umowę dzierżawy nieruchomości składającej się z dwóch działek nr 90 i nr 94/2 o łącznej powierzchni 9,19 ha, wykorzystywanej jako ośrodek wypoczynkowy nad jez. Piaseczno. Celem pozwanej było przekształcenie ośrodka w obiekt nowoczesny i o wysokim standardzie. Dzierżawca natomiast był zainteresowany nabyciem nieruchomości. Umowa została zawarta na okres 25 lat, zobowiązywała dzierżawcę do poczynienia nakładów inwestycyjnych i rozliczania ich w drodze potrąceń z czynszem. W § 2 umowy pozwana zapewniła o tym, że nieruchomość stanowi jej własność i jest wolna od obciążeń, praw rzeczowych i zobowiązań osób trzecich oraz że nie ma przeszkód do jej wykorzystania na prowadzenie ośrodka wypoczynkowego, w § 12 zobowiązała się też do bezprzetargowej sprzedaży dzierżawcy tej nieruchomości na zasadach określonych w odrębnych przepisach. Przeniesienie przez dzierżawcę praw i obowiązków z umowy na inny podmiot uzależnione zostało od zgody pozwanej.

3

W dniu 23 września 2009 r. spółka Antar LTD przeniosła swoje prawa i obowiązki umowne na powódkę. Pozwana wyraziła na to zgodę. Obydwie spółki inwestowały w nieruchomość. Do rozdźwięku doszło w 2011 r., kiedy powódka wystąpiła o dokonanie na jej rzecz sprzedaży nieruchomości, a pozwana odmówiła, wyjaśniając, że nie planuje sprzedaży. Wówczas powódka zwróciła się o przedstawienie jej stanu prawnego nieruchomości i uzyskała informację, że jest ona własnością pozwanej, jednak w odniesieniu do części działki nr 90 toczy się postępowanie o zwrot na wniosek poprzedniego właściciela, który został wywłaszczony. Wówczas powódka zaproponowała rozwiązanie umowy za zwrotem wartości nakładów, a gdy pozwana na to nie przystała, złożyła pozwanej oświadczenie z dnia 18 listopada 2011 r. o uchyleniu się od skutków oświadczenia woli o zawarciu umowy dzierżawy z powodu istotnego błędu, wywołanego podstępnie przez pozwaną.

Sąd Okręgowy uznał, że w chwili zawarcia umowy dzierżawy spółka Antar LTD nie wiedziała o toczącym się postępowaniu o zwrot wywłaszczonej części nieruchomości i gdyby była świadoma, że jest prowadzone, nie zawarłaby umowy, gdyż była zainteresowana zakupem nieruchomości, a postępowanie rewindykacyjne uniemożliwiało realizację tego zamiaru z uwagi na postanowienie art. 34 ust. 3 ustawy z dnia 21 sierpnia 1997 r. o gospodarce nieruchomościami (jedn. tekst: Dz.U. z 2018, poz. 121 ze zm.). Pozostawała więc w istotnym błędzie dotyczącym treści dokonywanej czynności, wywołanym przez pozwaną, jakkolwiek nie można pozwanej przypisać działania podstępnego. Sąd ocenił, że brak tożsamości pomiędzy podmiotem zawierającym umowę dzierżawy a podmiotem składającym oświadczenie o uchyleniu się od skutków prawnych oświadczenia o jej zawarciu nie stoi na przeszkodzie jego skutecznemu złożeniu, ponieważ przelew wierzytelności powoduje nie tylko sukcesję samej wierzytelności, lecz obejmuje również inne elementy składające się na sytuacje wierzyciela, w tym także uprawnienia kształtujące z art. 88 § 1 k.c. Sąd uznał ponadto, że powódka dochowała terminu rocznego do złożenia oświadczenia kształtującego, ponieważ termin ten - jego zdaniem - należało liczyć od dnia otrzymania pisma pozwanej datowanego na dzień 22 września 2011 r. Sąd ustalił, że już wcześniej, jeszcze do pierwotnego dzierżawcy - spółki Antar LTD docierały informacje pozwalające

na wykrycie błędu i to pochodzące od organu prowadzącego to postępowanie - w szczególności taką czynnością było przeprowadzenie oględzin nieruchomości w dniu 13 czerwca 2008 r., w toku postępowania administracyjnego o stwierdzenie nieważności decyzji utrzymującej w mocy decyzję odmawiającą zwrotu poprzedniemu właścicielowi wywłaszczonej części działki nr 90, które odbyło się w obecności umocowanych pełnomocników spółki Antar LTD. Sąd pierwszej instancji stwierdził jednak, że poprzedniczka powódki działała w oparciu o zapewnienia pozwanej, negującej wątpliwości co do stanu prawnego nieruchomości i w tym zakresie pozostawała nadal w błędzie co do okoliczności prawnych dotyczących przedmiotu umowy. Dopiero przedstawienie przez pozwaną formalnej informacji o toczącym się postępowaniu uzasadniało stwierdzenie, że powódka wykryła błąd w sposób pozwalający na ocenę jego istotności. Skuteczne uchylenie się od konsekwencji prawnych złożonego oświadczenia woli nastąpiło więc w z zachowaniem terminu rocznego z art. 88 § 1 k.c., jego konsekwencją była nieważność umowy, uzasadniająca zastosowanie przepisów o bezpodstawnym wzbogaceniu do rozliczenia wartości nakładów na nieruchomość, których wartość Sąd Okręgowy ustalił z pomocą opinii biegłego i uznał za należne brutto - z doliczoną stawką podatku od towarów i usług.

Na skutek apelacji pozwanej Gminy Ludwin, wyrokiem z dnia 24 stycznia 2017 r. Sąd Apelacyjny w Lublinie zmienił wyrok Sądu Okręgowego w ten sposób, że oddalił powództwo i orzekł o kosztach postępowania.

Sąd Apelacyjny zakwestionował prawidłowość wszystkich wniosków prawnych Sądu Okręgowego. Uznał, że zawarta przez spółkę Antar LTD z pozwaną umową nie gwarantowała dzierżawcy nabycia nieruchomości na własność, lecz tylko możliwość jej zakupu w trybie bezprzetargowym i to wówczas, kiedy Gmina podejmie decyzję o jej sprzedaży. Umowa nie zobowiązywała natomiast pozwanej do sprzedaży działek. Błędne przeświadczenie o obowiązku sprzedaży nieruchomości, na które powołuje się powódka, nie miało podbudowy w umowie i nie uzasadnia stanowiska o wprowadzeniu dzierżawcy w błąd o istotnym charakterze, dotyczący treści czynności prawnej.

Sąd ten stwierdził również, że zapis zawarty w § 1 i 2 umowy, zgodnie z którym pozwana była właścicielką nieruchomości, a na nieruchomości tej nie ciążyły prawa rzeczowe, odpowiadał prawdzie, ponieważ roszczenie poprzedniego właściciela nie mieściły się w wymienionych tam kategoriach praw, ani zobowiązań, to znaczy nie stanowiło obciążenia, ani prawa rzeczowego czy zobowiązania osób trzecich z § 2 umowy.

Sąd drugiej instancji ponownie rozważył znaczenie ustalonych przez Sąd Okręgowy okoliczności, dotyczących informacji uzyskanych przez spółkę Antar LTD ze Starostwa Powiatowego o tym, iż Jerzy Wojtasiewicz zgłaszał od 1991 r. roszczenie o zwrot części działki nr 90. Podkreślił, że w czerwcu 2008 r., w związku z postępowaniem o stwierdzenie nieważności decyzji Prezesa Urzędu Mieszkalnictwa i Rozwoju Miast z dnia 22 marca 2000 r., utrzymującej w mocy decyzję Wojewody Lubelskiego z dnia 14 grudnia 1998 r. odmawiającą zwrotu nieruchomości poprzedniemu właścicielowi, przeprowadzono oględziny nieruchomości z udziałem profesjonalnego pełnomocnika spółki. Czynność ta była elementem postępowania administracyjnego w sprawie o zwrot nieruchomości. Zdaniem Sądu odwoławczego ocena tego faktu dokonana przez Sąd Okręgowy była wadliwa. Powódka już wtedy uzyskała pewną informację o toczącym się postępowaniu o zwrot nieruchomości, a nie dopiero z pisma Wójta datowanego na 22 września 2011 r.

Sąd drugiej instancji stanął na stanowisku, że oświadczenie o uchyleniu się od skutków oświadczenia woli o zawarciu umowy, jako kształtujące, powinna złożyć strona zawierająca umowę, gdyż przeniesienie na powódkę tego uprawnienia nie było możliwe. W rezultacie powódka nie była uprawniona do powołania się na istotny błąd dotyczący umowy dzierżawy zawartej przez swoją poprzedniczkę prawną. Sąd zwrócił też uwagę, że w umowie przelewu cedent przeniósł na cesjonariusza ogół praw i obowiązków wynikających z umowy dzierżawy za kwotę 262 298,96 zł netto, co stanowiło wartość dzierżawy ośrodka i wskazywało, że umowa przelewu obejmowała tylko prawa i obowiązki związane z dzierżawą. Ponadto Sąd Apelacyjny zaznaczył, że w chwili zawierania umowy cesji (23 września 2009 r.) Spółka Antar LTD nie dysponowała już uprawnieniem kształtującym do uchylenia się od skutków umowy, ponieważ termin do jego

6

złożenia upłynął najpóźniej w czerwcu 2009. Z tych przyczyn roszczenie powódki uznał za nieuzasadnione.

Powódka zaskarżyła skargą kasacyjną wyrok Sądu Apelacyjnego w całości. W skardze opartej na obydwu podstawach kasacyjnych zarzuciła niewłaściwe zastosowanie art. 84 § 1 i 2 k.c. oraz art. 86 § 1 k.c., polegające na błędnym przyjęciu, że spółka Antar LTD nie zawarła umowy dzierżawy, działając pod wpływem istotnego błędu co do czynności prawnej, mimo że nie wiedziała o prowadzeniu wobec dzierżawionej nieruchomości postępowania z art. 136 ust. 3 u.g.n.; niewłaściwe zastosowanie art. 65 § 2 k.c. i wadliwą interpretację umowy dzierżawy, polegające na przyjęciu, że roszczenie osoby trzeciej o zwrot wywłaszczonej nieruchomości nie mieści się w kategorii obciążeń i praw rzeczowych oraz zobowiązań osób trzecich w rozumieniu § 2 umowy; niewłaściwe zastosowanie art. 88 § 2 k.c. poprzez mylne przyjęcie, że ustalenia faktyczne uzasadniają przypisanie dzierżawcy wiedzy o błędzie w znaczeniu subiektywnym już w czerwcu 2008 r., oraz niewłaściwe zastosowanie art. 509 § 2 k.c. w zw. z art. 84 § 1-2 k.c. w zw. z art. 56 k.c. oraz art. 65 § 2 k.c. przez błędne przyjęcie, że umowa przeniesienia praw i obowiązków z umowy dzierżawy zawarta pomiędzy spółką Antar LTD a powódką nie przeniosła na powódkę uprawnienia prawnokształtującego do uchylenia się od skutków oświadczenia woli zawartego pod wpływem błędu. Naruszenie prawa procesowego powódka łączyła z niewłaściwym zastosowaniem art. 382 k.p.c., art. 378 § 1 k.p.c., art. 328 § 2 k.p.c. w zw. z art. 391 § 1 k.p.c. polegającym na zaniechaniu przez Sąd Apelacyjny własnych ustaleń faktycznych, lecz poprzestaniu na zrelacjonowaniu ustaleń Sądu Okręgowego, bez wskazania, że je akceptuje, w sytuacji, kiedy apelacja pozwanego zawierała zarzut błędnych ustaleń faktycznych.

We wnioskach skarżąca domagała się uchylenia zaskarżonego wyroku w całości i przekazanie sprawy do ponownego rozpoznania.

Sąd Najwyższy zważył, co następuje:

Skarżąca nie ma racji, zarzucając wadliwości w zakresie rozpoznania zarzutów apelacyjnych i sporządzenia uzasadnienia wyroku. Wprawdzie w uzasadnieniu nie znalazła się formuła o przyjęciu przez Sąd Apelacyjny

ustaleń Sądu Okręgowego za własne, lecz takie stanowisko tego Sądu wynika z treści jego rozważań, których podstawą są ustalenia Sądu Okręgowego. Ustalenia te zostały jedynie inaczej ocenione przez Sąd Apelacyjny - rozbieżności pomiędzy sądami obu instancji powstały więc na poziomie wniosków prawnych, nie zaś na poziomie ustaleń faktycznych. Sporządzone uzasadnienie pozwala zweryfikować tok rozumowania Sądu Apelacyjnego, wobec czego zarzuty procesowe postawione w skardze kasacyjnej nie są uzasadnione.

Za uzasadniony należy natomiast uznać zarzut niewłaściwego zastosowania przepisów o błędzie (art. 84 § 1 k.c.) oraz o zasadach wykładni umów. Skarżąca ma rację, że oczywistą intencją § 2 umowy dzierżawy było zapewnienie dzierżawcy o tym, że nieruchomość, na której dzierżawca ma inwestować, i którą ma dzierżawić przez bardzo długi okres, nie ma obciążeń prawnych, które mogłyby zakłócić proces realizacji umowy, w tym takich, które z mocy prawa obezwładniają jedno z postanowień umownych, dotyczące możliwości zakupu dzierżawionej nieruchomości w trybie bezprzetargowym. Jeśli znaczna część nieruchomości w ogóle nie może zostać sprzedana do czasu ostatecznego uregulowania kwestii roszczeń poprzedniego właściciela, to zastrzeżenie umowne o trybie nabycia przestaje być uzależnione od decyzji wydzierżawiającego, ponieważ nie może on podjąć decyzji o sprzedaży tej części gruntu. Ponadto roszczenie tego rodzaju wprowadza niepewność możliwości realizacji umowy dzierżawy. Okoliczności te zmieniają zasadniczo poziom ryzyka dzierżawcy dotyczącego zawieranej umowy i powinny być zaliczone do istotnych elementów treści umowy, błąd co do których może uzasadniać uchylenie się od skutków oświadczenia woli. Taka ocena nie uprawnia jednak do uwzględnienia skargi kasacyjnej, ponieważ - wbrew twierdzeniom skarżącej - za uzasadniony należało uznać wynik oceny prawnej okoliczności wskazujących na uzyskane przez powódkę informacje o toczącym się postępowaniu rewindykacyjnym i wysnucie na tej podstawie wniosku o tym, kiedy powódka uzyskała dostatecznie sprecyzowaną wiedzę o przedmiocie i charakterze tego postępowania. Wbrew stanowisku skarżącej stwierdzenie błędu nie jest czynnością prawną, lecz określonym stanem świadomości opartym na uzyskanych informacjach. W wypadku osoby prawnej istotny jest stan wiedzy osób wchodzących w skład organu zarządzającego, jednak należy uznać, że w wypadku,

gdy organ zarządzający upoważnia i kieruje do udziału w określonej czynności osobę spoza zarządu, uzyskana przez nią wiedza musi być traktowana jako uzyskana przez tę osobę prawną. Nie można się zgodzić z wywodami skarżącej, że z ustaleń Sądu pierwszej instancji, ocenionych przez Sąd drugiej instancji wynika brak umocowania pełnomocników pozwanego w czynności oględzin. Przeciwnie - ustalenia te wskazują, że pełnomocnictwa były wystawiane do określonych czynności, że zarząd spółki Antar LTD udzielił pełnomocnictw w przeddzień oględzin, oraz że jeden z pełnomocników przedłożył dokument pełnomocnictwa osobom dokonującym oględzin. Trudno przyjąć, by dzierżawca mógł uzyskać pewniejszy dowód, że do dzierżawionej nieruchomości są kierowane roszczenia i jakiego są one rodzaju. Skoro więc fakt zatajenia przez pozwaną informacji o tym postępowaniu powoływany jest przez skarżącą jako przyczyna uzasadniająca odstąpienie od umowy, to dzień oględzin nieruchomości w powiązaniu z otoczką informacyjną, jaka się z tymi czynnościami łączyła, musi być uznany za chwilę, w której spółka Antar LTD dowiedziała się o swoim błędzie. Słusznie więc od tego dnia Sąd Apelacyjny liczył termin roczny przewidziany w art. 88 § 2 k.c. Ponieważ termin ten upłynął przed zawarciem przez spółkę Antar LTD umowy przeniesienia praw i obowiązków w umowy dzierżawy na powódkę, uprawnienie od uchylenia się od skutków prawnych oświadczenia woli wygasło i rozważanie, czy przeszło na powódkę jest bezprzedmiotowe, skoro w momencie zawarcia tej umowy już nie istniało.

W konsekwencji skarga kasacyjna nie mogła zostać uwzględniona i podlegała oddaleniu na podstawie art. 398[14] k.p.c.

Orzeczenie o kosztach postępowania kasacyjnego wynika z postanowień art. 398[21] w zw. z art. 391 § 1 i art. 98 k.p.c.



Na oryginale właściwe podpisy
Za zgodność
Starszy inspektor sądowy

*Hanna Kamińska*

jw

**SĄD NAJWYŻSZY**
Rzeczypospolitej Polskiej

Izba Cywilna
Wydział IV

Warszawa, dnia 19 czerwca 2018 r.

Sygn. akt IV CSK 214/17

Pan
adwokat Jakub Urbanowicz
Kancelaria Radców Prawnych i Adwokatów
Sołtysiński, Kawecki & Szlęzak Sp. k.
ul. Jasna 26
00-054 Warszawa

W związku z Pana wnioskiem z dnia 6 lutego 2018 r. w sprawie IV CSK 214/17 z powództwa Solo Investment Spółki z o. o. z siedzibą w Rozpłuciu Pierwszym przeciwko Gminie Ludwin o zapłatę, uprzejmie przesyłam odpis wyroku Sądu Najwyższego z dnia 6 lutego 2018 r. wraz z uzasadnieniem.

STARSZY INSPEKTOR SĄDOWY

*Hanna Kamińska*