IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SOLO INVESTMENTS, LLC, BOZENA TARNASIEWICZ, JAROSLAW TARNASIEWICZ and SYLWIA TARNASIEWICZ, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20 C 6477 |
| v. | ) ) ) | Judge Robert W. Gettleman |
| GMINA LUDWIN, a political subdivision of the Republic of Poland, and REPUBLIC OF POLAND | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Solo Investments, LLC ("Solo"), and its owners and general manager Bozena, Jaroslaw, and Sylwia Tarnasiewicz, have brought a four count second amended complaint ("SAC") against Gmina Ludwin (the "Commune"), a political subdivision for the Republic of Poland, and the Republic of Poland, seeking to be reimbursed for what plaintiff's claim was the illegal expropriation by the Commune of a resort property in which plaintiffs had invested their life savings and incurred various personal liabilities. Count I, brought against the Commune, seeks damages for expropriation and conversion. Count II, brought against both defendants, seeks damages for violations of international law. Count III, again brought against both defendants, seeks damages for violation of the Treaty Between the United States and the Republic of Poland Concerning Business and Economic Relations (the "Treaty"). Count IV, brought against the Commune, seeks restitution based on a theory of unjust enrichment. Defendants have moved under Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6), for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. In the alternative, defendants have also

moved to dismiss for improper venue and under the doctrines of forum non conveniens and act of state. As explained below, the court agrees with defendants that they are immune from suit under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1602 et seq., and grants their motion to dismiss for lack of subject matter jurisdiction.

## BACKGROUND

According to the SAC, plaintiffs constructed a holiday resort (the "Resort") on government-owned land and entered into a contract with the Commune for the transfer of the Resort to plaintiffs upon their completion of its development. After plaintiffs were "forced" to construct the Resort on government property and to spend over $5 million dollars of their own money, the Commune representatives, acting in their official positions, expropriated the property fraudulently and in violation of international law and the Treaty. Plaintiffs describe the Commune's actions as expropriating the property in violation of its agreement with plaintiffs, denying plaintiffs the "bargained-for right to buy the land upon completion of the construction." According to the complaint, the Commune's "ostensible excuse" in 2011 when plaintiffs completed their investment was that there were third-party encumbrances on the land. Plaintiffs allege that the Commune never intended to sell the Resort to plaintiffs, either individually or to the Solo. Instead, in 2021, after nine years of litigation in the Polish domestic courts, the Commune sold the Resort to a Polish citizen.

Plaintiffs allege that they have exhausted all of their Polish and international remedies, and come before this court seeking to undo a "blatant action taken against an American family (and family company [organized under Polish law]) to strip them of their life savings, and leave them

2

personally liable for the massive tax executions imposed on them by the Commune because of their investment . . . ."

## DISCUSSION

Defendants first argue that this court lacks subject matter jurisdiction because they are immune from suit under the FSIA, which "provides the 'sole basis' for obtaining jurisdiction over a foreign sovereign in the United States." Republic of Argentina v. Weltover, Inc., 504 U.S. 607, 611 (1992). "Under the FSIA, a foreign state is immune from the jurisdiction of state and federal courts in the United States unless one of a number of statutory exceptions applies." Atlantic Holdings v. Sovereign Wealth Fund Samruk-Kazyna JSC, 813 F.3d 98, 106 (2nd Cir. 2016) (citing 28 U.S.C. § 1604). "Federal courts have subject-matter jurisdiction over an action against a foreign state if, and only if, one of those exceptions applies." Id. See 28 U.S.C. §§ 1605-1607 (providing exceptions). In the instant case, plaintiff admits that the Commune is a political subdivision of Poland and thus foreign state for FSIA purposes. See 28 U.S.C. § 1603(a) (a foreign state includes "a political subdivision of a foreign state or an agency or instrumentality of a foreign state …."). Consequently, whether this court has jurisdiction depends on whether one of the statutory exceptions applies.

The commercial activity exception contained in § 1605(a)(2) is the single most important exception to immunity under the FSIA, and the one on which plaintiffs base their claim for jurisdiction. Atlantic Holdings, 813 F.3d at 106. This exception contains three independent clauses, providing that a foreign state is not immune from jurisdiction in any case in which:

> The action is based [1] upon a commercial activity carried on in the United States by the foreign state; or [2] upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or [3] upon an act outside the territory of the

>United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

Plaintiffs argue that the third independent clause of the commercial activity exception applies "because the Commune's unlawful act was commercial in nature and had a 'direct effect' in the U.S." According to plaintiffs, for the exception to apply, the "place of performance" need not be in the United States to cause a direct effect in the United State. All that is required is an effect in the United States that follows as an immediate consequence of the defendant's actions overseas. It need not be the location where the most direct effect is felt, simply a direct effect. See Hanil Bank v. P.Y. Bank Negara Indonesia (Persero), 148 F.3d 127 (2d Cir. 1998).

Defendants take no exception to plaintiff's description of the law, but correctly note that the gravamen of plaintiff's complaint does not involve commercial activity. The FSIA defines commercial activity as "a regular course of commercial conduct or a particular commercial transaction or act." 28 U.S.C. § 1603(d). An act's character is determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose. Id. To determine whether the exception applies the court must "first identify the particular conduct on which the plaintiff's action is based," by looking to the "basis or foundation for the claim," and the "gravamen of the complaint." OBB Personenverkehr AG v. Sachs, 577 U.S. 27, 33-34 (2015).

As defendants argue, the gravamen of the instant action is an alleged expropriation. Indeed, the first paragraph of plaintiff's SAC states that plaintiff's bring the complaint to be "reimbursed for the illegal expropriation by the Commune . . . ." The SAC contains similar statements throughout. But a suit about expropriation cannot be brought under the commercial

activity exception because a state engages in commercial activity when it exercises "only those powers that can also be exercised by private citizens, as distinct from those powers peculiar to sovereigns. Put differently, a foreign state engages in commercial activity for purposes of the restrictive theory only where it acts in the manner of a private player within the market." Saudi Arabia v. Nelson, 507 U.S. 349, 360 (1993) (internal quotations omitted).

Expropriation is an act that can be taken only by a sovereign. See Rong v. Liaoning Province Government, 452 F. 3d 883, 890 (D.C. Cir. 2006). It cannot be accomplished by a private party. Beg v. Islamic Republic of Pakistan, 353 F.3d 1323, 1326 (the power of eminent domain is a sovereign power.) Indeed, plaintiffs themselves state that their claim is not for breach of contract, but for expropriation by a political subdivision of the Republic of Poland. Beg v. Islamic Republic of Pakistan, 353 F.3d 1323, 1326 (the power of eminent domain is a sovereign power.). Consequently, the court concludes that defendants' actions do not fall under the commercial activity exception to the FSIA, and the court lacks subject matter jurisdiction.

Nor can plaintiffs rely on the exception contained in § 1605(a)(3) to support jurisdiction. That section provides that a foreign state shall not be immune from the jurisdiction of the courts of the United States or of the States in any case:

> In which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in commercial activity in the United States.

First, the property in question, the property expropriated by the Commune, is in Poland, not the United States. Thus, the first clause of the exception does not apply. Plaintiffs rely on the

5

second clause, which requires that the property be "owned or operated by an agency or instrumentality of the foreign state," and the agency or instrumentality must be engaged in commercial activity in the United States. But neither defendant is an agency or instrumentality of a foreign state. The Republic of Poland, of course, is the foreign state, and the Commune is, as plaintiffs allege, a political subdivision of Poland, not an agency or instrumentality. To be an agency or instrumentality, an entity must be a separate legal person, corporate or otherwise, which is either an organ of a foreign state or of a political subdivision thereof, or a majority of the entity's shares or ownership interest must be owned by a foreign state of political subdivision thereof. 28 U.S.C. § 1603(b)(2). The Commune fits neither of these definitions, which exclude local governments. Consequently, the court concludes that the exception does not apply and the court lacks subject matter jurisdiction over plaintiffs' claims under the FSIA.

Finally, plaintiffs attempt to skirt FSIA immunity by arguing that jurisdiction exists under the Treaty. As noted, however, the Supreme Court has held that the FSIA is the sole basis for obtaining jurisdiction over a foreign state. Republic of Austria v. Altman, 541 U.S. 677, 699 (2004). Moreover, a "foreign state explicitly waives its sovereign immunity in a treaty or contract only if it clearly and unambiguously agrees to suit." Ivanenko v. Yanukovich, 995 F.3d 232, 239 (D. C. Cir. 2021) (internal quotations omitted). Consequently, a "foreign sovereign does not waive its sovereign immunity 'by signing an international agreement that contains no mention of a waiver of immunity to suit in the United States courts or even the availability of a cause of action in the United States." Haven v. Polska, 215 F.3d 727, 733-34 (7th Cir. 2000) (quoting Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 442-43 (1989). Plaintiffs have not identified any provision in the Treaty that contains any mention of a waiver of immunity.

6

Consequently, the court concludes that defendants have not waived sovereign immunity in the Treaty and the court lacks subject matter jurisdiction over plaintiffs' claims.

## CONCLUSION

For the reasons described above, defendants' motion to dismiss for lack of subject matter jurisdiction [Doc. 31] is granted.

ENTER:

Robert W. Gettleman
United States District Judge

DATE: February 4, 2022